Judge Robertson
delivered the opinion of the Court.
This is a suit in chancery instituted by Strode vs. Gardner and John Edwards, to injoin a judgment obtained by Gardner against him, on a note for $200, assignéd by Edwards.
The bill alleges that the note was given as a pari of the consideration of 1000 acres of land sold to Strode by Edwards, which had been reserved to Benjamin Edwards, out of a tract of 7000 acres, granted to John Edwards, and for which John had executed his bond to Benjamin, which he stated at the time of the contract, he had cancelled and would deliver to Strode. That this bond had never been so delivered.
Gardner requires proof of the allegations of the bill.
Edwards denies that he ever sold to Strode the 1000 acres which had been reserved to Benjamin Edwards, but alleges that Johnson', as locator, being entitled to one half of the 7000 acres. Strode bought out his interest, and that he and Strode entered into partnership in a contract for the sale of this moiety, for heir joint profit; but that Strode becoming dissatis- *507 tied, proposed to allow him $650 for bis interest, which he accepted, and thereupon, their joint contract, (which is exhibited,and is dated 3d July, was cancelled, and on the same day, (the 7th of March, 1816,) Strode executed his notes to him for the $650, one of which is that injoined. The writing evidencing the recision of the partnership contract is exhibited and is dated March 7, 1816. There are only two depositions in the record, one of these proves nothing in any degree material or pertinent. The other is somewhat indefinite, and by no means satisfactory. It is easily susceptible of an interpretation, which will not contradict Edwards’s answer.
The bill does not describe the contract for the 1000 acres of land; it does not state what was the consideration, nor that the contract was or was not in writing; nor if in writing, does it exhibit it,or show why it is not exhibited.
Under all these circumstances, there can be no doubt that Strode was not entitled to relief. His bill is too vague. It is positively denied by the answers. The answer of Edwards is corroborated by the exhibits and the coincidences of the dates of some of them; and there is no direct or exact countervailing testimony, and if there were, it would be that of only one witness.
Besides, the bill does not allege that Strode has been disturbed in his possession, or that he cannot procure a title. And if he bought the 1000 acres, and apprehended any danger from the alleged latent equity of B. Edwards, he ought to have made him a party. He ought not to retain the land and perpe-. tually injoin the consideration.
Therefore, if the allegations of the bill had been admitted, the decree of the circuit court could not be sustained. The decree simply perpetuated the injunction to the judgment at law, on the note.
If it had been right to perpetuate the injunction, the contract should have been rescinded, and Edwards restored to the land. But the contract could not be rescinded, because:
1st. It was not shown th.at any such as that alleged in the bill, was ever made.
Brown, for plaintiffs.
2d. It does not appear that, if such a contract eveF existed, Strode could ever be disturbed in his title, and it was his duty, if he desired a better title than J-ohn Edwards could assure to him, to make B. Ed-w.ards a defendant.
For the foregoing reasons, the decree is reversed and the cause remanded, with instructions to dissolve the injunction with damages, and dismiss the bill with costs.